

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2003

# Rivera v. Continental Airlines

Precedential or Non-Precedential: Non-Precedential

Docket 01-3653

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Rivera v. Continental Airlines" (2003). *2003 Decisions.* Paper 892.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/892

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No: 01-3653

————

JACQUELINE RIVERA,
                    Appellant
v.

CONTINENTAL AIRLINES, a Delaware Corporation;
KATHERINE CHURCHILL; DENISE DANIELE;
GEORGE COURY

————

On Appeal from the United States District Court
for the District of New Jersey

District Court Judge: The Honorable John W. Bissell
(D.C. Civ. No. 98-cv-01406)

————

Submitted Under Third Circuit L.A.R. 34.1(a)
December 10, 2002

Before: FUENTES, GARTH and WALLACH*, Circuit Judges

(Opinion Filed:    January 9, 2003)

————

OPINION OF THE COURT

————

————

        *Honorable Evan J. Wallach, United States Court of International Trade, sitting by
designation.

FUENTES, Circuit Judge:

The United States District Court for the District of New Jersey found that Jacqueline Rivera ("Rivera"), a Puerto Rican female, failed to show a genuine issue of material fact as to whether her former employer's proffered reason for her discharge was a pretext, and thus granted summary judgment to Continental Airlines, Inc. ("Continental") on Rivera's gender, national origin, and retaliation-based discrimination claims. Because we agree that no reasonable jury could find for Rivera based on the facts of this case, we affirm the Order of the District Court.

## I.  Facts and Procedural History

Because we write solely for the parties, our review of the factual background is limited to that which is necessary to inform our opinion today. Rivera filed a complaint in the New Jersey Superior Court, Essex County, on January 30, 1998 against her former employer, Continental, and three of her former supervisors. Continental removed the case to the United States District Court for the District of New Jersey on March 26, 1998. On June 13, 2001, the District Court issued an order granting summary judgment to Continental. On July 5, 2001, Rivera sought reconsideration of the June 13, 2001 order. Rivera then appealed the denial of reconsideration and by so doing brought up the underlying summary judgment grant of June 13, 2001 for review. The orders which she appeals had dismissed her claims under the New Jersey Law Against Discrimination ("NJLAD"), of gender discrimination, national origin discrimination, and retaliation for

2

filing discrimination charges with the Equal Employment Opportunity Commission ("EEOC").

On May 6, 1992, Rivera applied for a position with Continental as a dining services clerk at Newark International Airport and received a job offer that same day. In 1993, she applied for a position as a security investigator with the company, but Continental hired two white males instead. As a result, on December 29, 1993, Rivera filed charges of national origin and gender discrimination with the EEOC. On August 31, 1995, the EEOC concluded that Rivera's gender discrimination claim was meritless but that reasonable cause may have existed as to her national origin claim. However, Rivera neglected to file suit within the 90 day period of the applicable statute. The decision of the EEOC called for Continental to join with the EEOC to reach a "just resolution of this matter," but no settlement was ever negotiated.

On December 26, 1993, Rivera's supervisors cited her for tardiness. A week later, Rivera received a verbal warning about her work from one of her supervisors. On January 14, 1994, Katherine Churchill and Denise Danielle, two of Rivera's supervisors, suspected Rivera of using a controlled substance while on duty. On January 31, 1994, Churchill suspended Rivera with pay pending an investigation. On that same day, Rivera submitted to a drug test, which she passed. Rivera returned to work on February 6, 1994, and received a written notice of performance deficiencies the next day. As a result of these incidents, on February 17, 1994, Rivera filed a second EEOC charge, alleging retaliation for filing her initial complaint of discrimination. On March 2, 1995, Rivera amended her second EEOC

3

complaint to include additional instances of alleged retaliation. The EEOC rendered a "no cause" determination on her second charge on November 24 , 1995.

In January 1996 Rivera was accused of reserving first-class seats for her personal use on a flight from Newark to San Francisco, in violation of company policy. On January 31, 1996, Michael Brzostowski, then Continental's Assistant Director of Customer Service in Newark, received a memorandum from Continental security explaining Rivera's alleged misconduct. At a meeting on February 1, 1996, Brzostowski met with Rivera to discuss the allegations and handed her a letter of termination. Based on the meeting, Brzostowski believed that Rivera either had improperly blocked the seats for herself, or had permitted someone to do so using her computer "sine," for which she alone bore responsibility. Rivera refused to sign the termination letter. Instead, she wrote a letter of resignation to the company.

## II.  Jurisdiction and Standard of Review

We exercise jurisdiction under 28 U.S.C. § 1291 over a final decision of a district court. We exercise plenary review over a district court's grant of summary judgment  and review the facts in the light most favorable to the party against whom summary judgment was entered. See Brooks v. Kyler, 204 F.3d 102, 105 n.5 (3d Cir. 2000). Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). At the summary judgment stage, the judge's function is not to weigh the evidence

4

and determine the truth of the matter, but to determine whether there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

### III. Discussion

### A.

Under the NJLAD, when an employee alleges discrimination in hiring because of race, creed, color, national origin, ancestry, age, marital status, or sex, his or her claim is analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Jansen v. Food Circus Supermarkets, Inc., 110 N.J. 363, 380-81 (1988). If a plaintiff establishes a prima facie case of discrimination, the burden of production then shifts to the defendant to articulate "evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). If the employer offers such evidence, then the plaintiff must rebut the employer's explanation by demonstrating that the defendant's proffered reasons were a pretext for discrimination. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000).

The District Court concluded that Rivera established a prima facie case of discrimination; however, Continental asserts that the District Court erred in reaching this conclusion. We need not address the issue as we conclude that the District Court correctly ruled that Rivera failed to put forth evidence that could lead a reasonable jury to conclude that the proffered reason for Rivera's termination was a pretext.

Continental's articulated reason for Rivera's termination is that she improperly

5

reserved or blocked first-class seats on a Continental flight for her and her relatives' personal use, to the exclusion of paying customers. To discredit the employer's stated reasons, "the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'" Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (internal citations omitted). Rivera failed to put forth any evidence that would convince a reasonable factfinder that Continental's proffered reason was unworthy of credence.

After the February 1, 1996 meeting, Brzostowski was convinced that Rivera either had blocked first-class seats for herself, or had permitted someone to do so using her exclusive computer "sine." In reaching the decision to terminate Rivera, he consulted with Bob Zimmerman, Director of Human Resources. The two men considered Rivera's performance as an employee, including her attendance and background. Rivera alleges that the men thus considered the numerous, false accusations previously made against her by her supervisors. While Brzostowski may have relied on Rivera's employment record to some extent in reaching his decision, the fact that Rivera violated company policy constitutes a legitimate reason for her termination. Rivera claims that she did not block the first-class seats on the flight, but she does not dispute that her "sine" was used to block those flights and that she is personally responsible for the use of her "sine." Rivera has not established that Continental's articulated reason for her termination was unworthy of credence, or a pretext. As a result, the District Court did not err in dismissing her claims

6

for gender and national origin discrimination based on her termination.

**B.**

Rivera's retaliation claim also fails as a matter of law.  "The mere fact that an adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events."  Krouse v. American Sterilizer Co., 126 F.3d 494, 504 (3d Cir. 1997) (quoting Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997)).  "Even if timing alone could ever be sufficient to establish a causal link, we believe that the timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred."  Id.  Continental terminated Rivera in 1996, two years after her most recent EEOC charge.

The timing of the termination in relation to the EEOC complaints does not indicate that it was retaliatory in nature, and Rivera offers little other evidence to support her contention.  She alleges that Brzostowski considered her attendance and background in deciding to terminate her employment; however, his mere knowledge of her employment history does not signify that he harbored some retaliatory motive.  Rivera offers no evidence that Brzostowski knew of her complaints to the EEOC and Brzostowski himself testified that he had no idea that Rivera had ever filed any such charges.  Based on this dearth of evidence, the District Court properly granted summary judgment to Continental on Rivera's claim of retaliation.

**C.**

7

The District Court also correctly concluded that the rest of Rivera's allegations of gender, national origin, and retaliation-based discrimination, based on the conduct of her employer commencing sometime in 1993 and continuing until her discharge on February 1, 1996, had to be dismissed. The statute of limitations applicable to Rivera's NJLAD claims is two years. See Ali v. Rutgers, 166 N.J. 280, 282 (2000). The last act of discrimination claimed by Rivera was her discharge on February 6, 1996. She filed suit on January 30, 1998. Rivera's other claims of discrimination, however, are based on conduct that occurred prior to January 1996, and thus, are barred by the NJLAD two-year statute of limitations, inasmuch Rivera filed her complaint on January 30, 1998.

## IV. Conclusion

Accordingly, for the reasons stated above, we affirm the judgment of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

__/s/ Julio M. Fuentes__
Circuit Judge
